IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 0 8 2002 LF

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HARVEN MICHAEL MCKENZIE, | § | JOINTLY ADMINISTERED |
| | § | UNDER CASE NO. |
| DEBTOR | § | 95-47219-H5-7 |
| | § | CHAPTER 7 |
| TIMOTHY STEWART MCKENZIE, | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| STEVEN DARRYL MCKENZIE, | § | |
| | § | |
| DEBTOR | § | |

| | | |
|---|---|---|
| W. STEVE SMITH, TRUSTEE | § | |
| | § | |
| Plaintiff | § | |
| | § | ADVERSARY NO. 97-4155 |
| VS. | § | |
| | § | |
| BERTEL NORDLING, ROLF | § | CONSOLIDATED FOR TRIAL WITH |
| SCHLEGEL, MCK DEVELOPMENT, | § | ADVERSARY NO. 97-4114 |
| B.V., CLARON N.V., JEFFREY, LTD., | § | |
| OKIBI N.V., MCKENZIE METHANE | § | |
| POLAND CO., HARVEN MICHAEL | § | |
| MCKENZIE, TIMOTHY STEWART | § | |
| MCKENZIE STEVEN DARRYL. | § | |
| MCKENZIE EUROGAS, INC. | § | |
| GLOBEGAS, B.V., and POL-TEX | § | |
| METHANE, SP.Z.O.O., INVICO | § | |
| CAPITAL CORPORATION, A.G., | § | |
| WOLFGANG RAUBALL, REINHARD | § | |
| RAUBALL and ARMANDO ULRICH | § | |
| | § | |
| Defendants. | § | |

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL
RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND
TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF
EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O.
TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY,**

**FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE

Eurogas, Inc., GlobeGas, B.V. and Pol-Tex Methane, SP.Z.O.O. (the "EuroGas Defendants"), Wolfgang Rauball and Reinhard Rauball (the "Rauballs," and together with the EuroGas Defendants collectively referred to herein as the "Defendants") jointly file this, their Motion to Strike Trustee's Second Supplemental Response to Rauball Defendant's Motion to Dismiss and Trustee's First Supplemental Response to Amended Motion to Dismiss First Amended Complaint Or, Alternatively, For More Definite Statement, and Objection to Exhibits, and in support thereof would respectfully show the Court as follows:

## I. INTRODUCTION

1.      Defendants move to strike the Trustee's Second Supplemental Response to Rauball Defendant's Motion to Dismiss and Trustee's First Supplemental Response to Amended Motion to Dismiss First Amended Complaint Or, Alternatively, For More Definite Statement (the "Response") on the bases that the Response (i) is untimely filed, was unduly delayed and prejudices Defendants by having been filed on the eve of the hearing on Defendants' motions without affording Defendants an opportunity to respond to it (ii) contains primarily factual allegations which are inappropriate for consideration on a motion to dismiss pursuant to Fed.R.Bankr.R. 7012 and cannot supplement the amended complaint's allegations, and (iii) the new factual allegations do not remedy the fundamental flaws in the legal theories pled by Trustee in the amended complaint and are therefore irrelevant.  In the event the Court denies such relief,

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 2**

Defendants request leave to file a reply to the respond to the newly asserted factual allegations and arguments raised in the Response for the first time.

2.      Defendants further object to the admission of the exhibits denoted the "KLM Documents" on the bases that such documents (i) constitute privileged communications between attorney and client, and are inadmissible pursuant to Fed.R.Evid. 402 and 501, and (ii) are not relevant to the Court's determination of the dismissal motions. *See*, Fed.R.Evid. 401 and 402.

## II. PROCEDURAL BACKGROUND

3.      On February 28, 1997, W. Steve Smith (the "Trustee") filed his Trustee's Complaint to Determine Interests in and for Turnover of Property and/or to Determine, Avoid and Recover Fraudulent Conveyances, initiating Adversary Proceeding No, 97-4114 (the "Intervention Suit").

4.      On March 25, 1997, the Trustee filed his Trustee's Complaint to Determine Interest in and for Turnover of Property and/or to Determine, Avoid and Recover Fraudulent Conveyances, initiating Adversary Proceeding No, 97-4155 (the "Fraudulent Transfer Suit").

5.      On June 2, 1997, the EuroGas Defendants filed their Motion to Dismiss the Intervention Suit (the "Initial Dismissal Motion") on the basis that the avoidance provisions of the Bankruptcy Code do not apply extraterritorially and the Court lacked personal jurisdiction over them.

6.      On or about October 25, 1999, Trustee filed his Trustee's Motion for Leave to Amend and Supplement Pleadings and Join Additional Parties (the "Amendment Motion") seeking leave to file an amended complaint for the purpose of adding Invico Capital Corporation,

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 3**

A.G. ("Invico"), and three individuals, Wolfgang Rauball, Reinhard Rauball and Armando Ulrich.

7.     By Order entered on February 22, 2000, the Court granted the Amendment Motion.

8.     On or about March 8, 2000, the Trustee filed his First Amended Complaint (the "Amended Complaint").

9.     On July 28, 2000, the Rauballs filed their Motion to Dismiss and supporting brief seeking dismissal of the Amended Complaint on the basis that the Court lacked personal jurisdiction over them.

10.     On August 10, 2000, the EuroGas Defendants filed their Motion to Dismiss First Amended Complaint or, Alternatively, for More Definite Statement, seeking dismissal of the Amended Complaint on the basis that the complaint failed to state a cause of action and failed to satisfy the basic pleading requirements of Fed.R.Bankr.P. 7008.  This motion was amended on September 22, 2000.

11.     Trustee filed his Response to Amended Motion of EuroGas, Inc. GlobeGas, B.V. and Pol-Tex Methane, SP. Z.O.O. to Dismiss First Amended Complaint or, Alternatively, for More Definite Statement and Supporting Memorandum of Law on or about October 13, 2000.

12.     On September 25, 2000, Trustee filed his Trustee's Response to Rauball Defendants' Motion to Dismiss (the "Jurisdiction Response").

13.     On or about September 26, 2000, Trustee filed his Trustee's Supplemental Response to Rauball Defendants' Motion to Dismiss. Through this supplemental response, Trustee merely corrected a minor error in his response to the Rauballs' motion.

14.     From April 18 through April 21, 2001, Trustee deposed Rolf Schlegel in London (the "Schlegel Deposition").

15.     By Order entered on December 17, 2001, the Court set EuroGas' Initial Dismissal Motion for hearing on January 31, 2002.

16.     Through status conferences conducted by phone and the parties' agreement, the Court continued this hearing to, and set for hearing all dispositive motions on, March 18 , 2002 (the "Hearing").

17.     On or about March 15, 2002, Trustee filed his Response to Defendants' motions. This Response, without exhibits, was faxed to counsel at approximately 6:30 p.m. Friday, March 15, 2002. The Response with its 85 exhibits was received by counsel upon their return from the hearing. The purported reason for its filing was Trustee's obtaining of evidence from the "Schlegel Deposition" and his review of the "KLM Documents" which he contends "is extremely releveant to [the] Court's determination of the motions to dismiss." *See*, Response, ¶ 1. In this regard, Trustee provides a 22 page recitation of factual allegations relating to the relationship of various entities and individuals and certain transactions involving them. These allegations are purportedly evidenced by the 85 documents attached to the Response.

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 5**

## III. REQUESTED RELIEF AND AUTHORITIES

A.      **The Response Should Be Stricken Since it is Untimely, Prejudicial, Inappropriate for Consideration On a Motion to Dismiss and Irrelevant**.

18.      Defendants' request that the Court strike the Response. The bases for this request are that (i) is untimely filed, was unduly delayed and prejudices Defendants by having been filed on the eve of the hearing on Defendants' motions without affording Defendants an opportunity to respond to it (ii) contains primarily factual allegations which are inappropriate for consideration on a motion to dismiss pursuant to Fed.R.Bankr.R. 7012 and cannot supplement the amended complaint's allegations, and (iii) the new factual allegations do not remedy the fundamental flaws in the legal theories pled by Trustee in the amended complaint and are therefore irrelevant.

### 1.      The Response Must Be Stricken Since it Was Untimely Filed, Unduly Delayed and is Prejudicial to Defendants.

19.      Trustee's Response must be stricken since it is untimely filed, was unduly delayed and prejudices Defendants by having been filed on the eve of the Hearing without affording Defendants an opportunity to respond to it. Moreover, the Response does not comply with local rules relating to motion practice, nor is there any basis in the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure upon which Trustee can rely in consideration of the Response.

20.      The Response was filed 20 months after the filing of the Rauball's Motion, 18 months after the filing of the EuroGas Amended Motion, approximately 17 months following Trustee's responses, 11 months after the Schlegel Deposition and at least 9 months after Trustee

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 6**

had received a transcript of same.  Moreover, the Response was filed almost 2 months after the original hearing date of January 31, 2002, and not until the eve of the Hearing.  Trustee cannot rationally explain the delay in filing the Response.

21.    The Response is also untimely filed under the Court's local rules.  Local Bankruptcy Rule 7007 provides that motions filed in adversary proceedings "will be submitted to the judge on the twentieth day after service" referred to as the "Submission Date."   The local rules further provide that "[u]nless otherwise ordered, responses to motions shall be filed by submission day."

22.    The Response was not filed prior to the Submission Date, nor did Trustee seek leave of Court to submit the Response or supplement his original response.  *See*, Local Bankruptcy Rule 7007(c).

23.    Courts have routinely stricken pleadings, denied motions and have refused to consider arguments where the pleadings have failed to comply with filing deadlines and the courts' local rules.  *See*, *United Gas Pipeline Co., v. Federal Energy Regulatory Commission*, 824 F.2d 417, 434-38 (5th Cir. 1987) (striking intervenors' brief for failure to comply with statutory and procedural requirements); *Texas Housing Agency v. Verex Assurance, Inc.*, 176 F.R.D. 534, 535 (N.D. Tex. 1998) (striking motion for failure to comply with local rules); *Bellanger v. Health Plan of Nevada*, 814 F.Supp. 918 (D.Nev. 1993) (reply brief filed one day late stricken); *Griffin v. Bank of America*, 971 F.Supp. 492 (D.Kan. 1997 (summary judgment motion denied for failure to comply with local rule); *Billings & Co., Inc. v. Pine Street Realty*

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 7**

*Assoc. Ltd Partnership*, 754 F.Supp. 10 (D.R.I. 1990) (summary judgment denied for failure to follow local rules).

24.     Finally, Defendants are significantly prejudiced by the Response.  The Response having been filed on the eve of the Hearing and presented to the Court at the Hearing, Defendants were not afforded an opportunity to review the Response and exhibits and respond to them at the time of Hearing.

25.     Since the Response was not timely, unduly delayed and is prejudicial to Defendants, it should be stricken.

> **2.      The Response Must be Stricken Since it Primarily Contains Factual Allegations Which are Inappropriate for Consideration on a Motion to Dismiss and Those Allegations Cannot Supplement the Amended Complaint.**

26.     The Response must be stricken since it primarily contains factual allegations which are inappropriate for consideration on a motion to dismiss and those allegations cannot supplement the Amended Complaint.

27.     Of its 24 pages, 22 pages of the Response consists of a recitation of factual allegations regarding various entities and individuals and certain transactions.  These allegations are irrelevant to the pending dismissal motions since the Court's determination must be made on the face of the complaint and amendments and they cannot alter the pleadings.  *See, Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint."); *Spivey v. Robertson*,

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 8**

197 F.3d 772 (5th Cir.1999), cert. denied, 530 U.S. 1229 ("This court will not look beyond the

face of the pleadings to determine whether relief should be granted based on the alleged facts);

*Kohler v. Jacobs*, 138 F.2d 440, 441 (5th Cir. 1943) (portions of admissions and interrogatories

introduced through brief could not be considered on motion to dismiss since determination must

be based on face of complaint); *Bischoff v. United States*, 1993 WL 661465, *1 (S.D. Tex. Oct.

14, 1993); *see also, Pennsylvannia ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3rd Cir.

1988) ("[T]he legal theories set forth in Pennsylvannia's brief are helpful only to the extent that

they find support in the allegations set forth in the complaint.  It is axiomatic that the complaint

may not be amended by the briefs in opposition to a motion to dismiss."); *Fonte v. Board of*

*Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2nd Cir. 1988) (in

consideration of a 12(b)(6) motion "it would also have been error for the court to consider the

factual allegations contained in the plaintiffs' memorandum of law without converting the motion

to one for summary judgment").

      28.    The Response seeks to supplement the factual allegations of the Amended

Complaint, it is not proper for the Court's consideration since it constitutes matters outside the

pleadings.  Accordingly, the Response must be stricken.

      **3.**     **The New Factual Allegations Do Not Remedy the Fundamental Flaws in the Legal Theories Pled in the Amended Complaint and, Therefore, <u>Are Irrelevant</u>.**

      29.    Then new factual allegations contained in the Response do not remedy the

fundamental flaws in the legal theories pled in the Amended Complaint and, therefore, are

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 9**

irrelevant.  The Amended Complaint seeks, among other things, avoidance and recovery of transfers under various provisions of Chapter 5 of the Bankruptcy Code and the Texas Business and Commerce Code.  The factual allegations contained in the Response do not support these claims.  Rather, these allegations, as Trustee concludes in the Response's, purportedly "makes clear now that the suit is not one of fraudulent transfer avoidance on behalf of [MMPCO]."  If these allegations are not pertinent to the claims contained in the Amended Complaint, they are irrelevant to determination of the dismissal motions.  Accordingly, the Response must be stricken.

      **B.**      <u>Objection to Admission of Exhibits</u>.

      30.      Defendants object to the admission of the exhibits denoted the "KLM Documents" on the bases that such documents (i) constitute privileged communications between attorney and client, and are inadmissible pursuant to Fed.R.Evid. 402 and 501, and (ii) are not relevant to the Court's determination of the dismissal motions.  *See*, Fed.R.Evid. 401 and 402.

      31.      The KLM Documents consist of certain documents of the law firm Kruse Landa & Maycock, L.L.C. ("KLM").  KLM was counsel to the EuroGas Defendants during the time period raised in the Amended Complaint.  The KLM Documents are the subject of a certain Settlement Agreement entered by and between, amongst others, the EuroGas Defendants, KLM and Trustee.  The KLM Documents are also the subject of a certain suit styled *James R. Holbrook v. W. Steve Smith, et al*, Adversary No. 01-3064.  In this suit, the EuroGas Defendants have asserted the attorney-client privilege as to a portion of the KLM Doucments.  On or about

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE <u>STATEMENT, AND OBJECTION TO EXHIBITS</u> – Page 10**

December 17, 2000, the Court granted Trustee's motion for summary judgment. This order is presently on appeal to the District Court, Civil Action No. H-02-0239, Judge Lake, presiding.

32.     The EuroGas Defendants have consistently asserted the attorney-client privilege as to a portion of the KLM Documents. Those exhibits attached to the Response that are subject to the attorney-client privilege include the following: Exhibits Nos. 34, 35 (Escrow 101434-35), 37, 38 (Escrow 074580), 68, 80, 81 (Escrow 068149-50; 010119-20), 82, 83 and 85. The EuroGas Defendants object to the admission of these documents pursuant to Fed.R.Evid. 402 and 501. Accordingly, these exhibits and any all references to them in the Response should be stricken.

## IV. PRAYER

WHEREFORE, the EuroGas Defendants and the Rauball Defendants, respectfully request that the Court (i) strike the Response or, alternatively, grant them leave to file a reply to respond to the allegations contained therein, (ii) strike those exhibits identified above, and (iii) and that the Court grant him such other and further relief to which he may be justly entitled.

Respectfully submitted,

Mark A. Weisbart
TBN 21102650
Joseph O. Collins, Jr.
TBN 04625500
Kessler & Collins, P.C.
5950 Sherry Lane, Suite 222
Dallas, Texas  75225
Phone: 214/379-0722
Fax: 214/696-5455

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS – Page 11**

ATTORNEYS FOR EUROGAS, INC.,
GLOBEGAS, B.V., AND POL-TEX
METHANE, SP.Z.O.O.

Robert B. Crotty
TBN 05139800
Crotty & Johansen, L.L.P.
2311 Cedar Springs, Suite 250
Dallas, TX 75201
Ph: 214/922-7555
Fax: 214/922-7557

ATTORNEYS FOR WOLFGANG RAUBALL
AND REINHARD RAUBALL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Motion to Strike
Trustee's Second  Supplemental Response to Rauball Defendant's Motion to Dismiss and
Trustee's First Supplemental Response to Amended Motion to Dismiss First Amended
Complaint Or, Alternatively, For More Definite Statement, and Objection to Exhibits was served
by first class United States mail, postage prepaid, upon the individuals and entities listed below
on this the 5th day of April, 2002.

Mark A. Weisbart

W. Steve Smith
2015 Crocker
Houston, TX  77006

**JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL
DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO
AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O.
TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE
STATEMENT, AND OBJECTION TO EXHIBITS – Page 12**