IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 2 0 2002

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § § | |
| HARVEN MICHAEL MCKENZIE, | § § § | JOINTLY ADMINISTERED UNDER CASE NO. |
| DEBTOR | § § | 95-47219-H5-7 CHAPTER 7 |
| TIMOTHY STEWART MCKENZIE, | § § § | |
| DEBTOR | § § | |
| STEVEN DARRYL MCKENZIE, | § § | |
| DEBTOR | § | |

| | | |
|---|---|---|
| W. STEVE SMITH, TRUSTEE | § § | |
| Plaintiff | § § | ADVERSARY NO. 97-4155 |
| VS. | § § § | |
| BERTEL NORDLING, ROLF SCHLEGEL, MCK DEVELOPMENT, B.V., CLARON N.V., JEFFREY, LTD., OKIBI N.V., MCKENZIE METHANE POLAND CO., HARVEN MICHAEL MCKENZIE, TIMOTHY STEWART MCKENZIE STEVEN DARRYL. MCKENZIE EUROGAS, INC. GLOBEGAS, B.V., and POL-TEX METHANE, SP.Z.O.O., INVICO CAPITAL CORPORATION, A.G., WOLFGANG RAUBALL, REINHARD RAUBALL and ARMANDO ULRICH | § § § § § § § § § § § § § § § § § | CONSOLIDATED FOR TRIAL WITH ADVERSARY NO. 97-4114 |
| Defendants. | § § | |

**REPLY TO TRUSTEE'S RESPONSE TO JOINT MOTION TO STRIKE TRUSTEE'S SECOND SUPPLEMENTAL RESPONSE TO RAUBALL DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S FIRST SUPPLEMENTAL RESPONSE TO AMENDED MOTION OF EUROGAS, INC., GLOBEGAS, B.V., AND POL-TEX METHANE, SP. Z.O.O. TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY,**

## FOR MORE DEFINITE STATEMENT, AND OBJECTION TO EXHIBITS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE

Eurogas, Inc., GlobeGas, B.V. and Pol-Tex Methane, SP.Z.O.O. (the "EuroGas Defendants") file this, their Reply to Trustee's Response to Joint Motion to Strike Trustee's Second Supplemental Response to Rauball Defendant's Motion to Dismiss and Trustee's First Supplemental Response to Amended Motion to Dismiss First Amended Complaint Or, Alternatively, For More Definite Statement, and Objection to Exhibits, and in support thereof would respectfully show the Court as follows:

### REPLY

Trustee contends that the Federal Rules of Civil Procedure do not contain a deadline for filing a response. While this may be true, Fed.R.Civ.P. 83 and Fed.R.Bankr.P. 9029 allow each district court to make and amend local rules governing the court's practice and procedure. In this case, this Court has a definite procedure of requiring responses to be filed on or before the submission day unless otherwise allowed by the Court. *See*, Local Bankruptcy Rule 7007(c)

Trustee cites Local District Court Rule 7.8 which provides that a "court may in its discretion, on its own motion or upon application, entertain and decide any motion . . . and request or permit additional authorities or supporting material." This rule, however, has no application in this proceeding since the District Court Local Rules are not applicable to bankruptcy proceedings unless otherwise incorporated by the Local Bankruptcy Rules. Essentially, Trustee is requesting that the Court, at this late date, grant Trustee leave to submit additional argument and supporting material. And while this Court has a similar rule, the Court has not through application or order permitted or required additional argument, authorities or supporting materials. *See*, Local Bankruptcy Rule 7007(e).

Even assuming that the Response is proper, its filing was unduly delayed and prejudicial to Defendants. Trustee places significant weight on his inability to inspect a portion of the KLM Documents until December 28, 2001. This argument is meritless since the vast majority of information cited to in the Response is from the Schlegel Deposition, not the KLM Documents. Of the 85 exhibits, only 28 consist of documents held in escrow. Of these 28 exhibits, it appears that all or part of 17 of them were not subject to EuroGas' assertion of privilege. Moreover, it appears that at least several of the documents from escrow are duplicative of documents previously produced to the Trustee. Moreover, nothing precluded Trustee during the 11 months since the Schlegel Deposition to seek leave to introduce information obtained through the deposition.

Trustee contends that there is no prejudice to Plaintiffs since the Court announced its decision to continue the jurisdictional motion. This contention is belied by the size of the Response and the timing of its filing. Had the Trustee found that he needed additional time to make additional arguments or present additional material, he could have easily sought a continuance of the hearing or sought leave to file the supplemental Response. He did neither. Arguably, had the Court not continued the hearing, the Response would not have been filed. Yet, if a Response was warranted, if only by virtue of Schlegel's Deposition, why didn't the Trustee seek a continuance of the hearing date?

Simply put, there can be no greater evidence of prejudice than the service of the Response at 6:30 p.m. on the Friday before a Monday morning hearing and the delivery of 5 inches of exhibits after the hearing. The filing of the Response was the ultimate in unfair gamesmanship.

The Trustee further asserts that Defendants are not prejudiced since they participated in the Schelegel Deposition and the KLM Documents are records of Defendants. This contention is

absurb. First, the Response cites to a small parts of the Schlegel Deposition. To prepare for any hearing, counsel would require time to analyze the portions cited and determine whether they conflict with other portions of the deponents testimony. Second, the KLM Documents are not records of Defendants. Rather, they are records of Kruse Landa & Maylock. While EuroGas continues to assert the attorney-client privilege as to a portion of those documents, the records had been in the custody, control and possession of the Document Escrow Agent until April, 2001, when they were delivered to the Trustee.

While the Court has granted the Trustee's summary judgment in the *Holbrook v. W. Steve Smith*, Adversary No. 01-3064, that order is on appeal. In order to preserve its rights and in order not to waive such rights, EuroGas continues to assert privilege over the documents protected from disclosure by the attorney-client privilege. *See, Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996) (a mere promise in settlement agreement to waive privilege without disclosure of privileged communications does not constitute waiver of privilege); *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999) ("[D]isclosure of any significant portion of a confidential communication waives the privilege as to the whole.") ; *Thurmond v. Compaq Computer Corp.*, 198 F.R.D. 475, 481 (E.D.Tex. 2000) ("a client may waive the attorney-client privilege by voluntarily disclosing a significant portion of a privileged communication.").

Trustee's position that documents addressed or disclosed to Wolfgang Rauball are not subject to the attorney client privilege is absurd. The Trustee has repeatedly alleged throughout this proceeding that Mr. Rauball is closely associated with EuroGas and constitutes a "control person" of EuroGas. Simply because Mr. Rauball has held no official title with the company does not negate this association nor waives the company's attorney client privilege. In *Upjohn Co. v. U.S.*, 449 U.S. 383 (1981), the Supreme Court rejected a limitation of the attorney client

privilege only as to a corporation's "control group" – only officers or agents responsible for directing a corporation's actions in response to legal advice.[1] Even under the more restrictive view, Mr Rauball falls within those persons with whom legal communications are protected. *See, National Converting & Fulfillment Corporation*, 134 F.Supp.2d 804 (N.D. Tex. 2001) (finding communications between corporation's owner and his son in order for son to seek legal advice for corporation subject to attorney-client privilege since son fell within the "control group" under Texas law)

Based on the foregoing arguments and those contained in the Joint Motion, EuroGas submits that the Response must be stricken.

## IV. PRAYER

WHEREFORE, the EuroGas Defendants, respectfully request that the Court grant them the relief requested in the Joint Motion and such other and further relief to which he may be justly entitled.

Respectfully submitted,

_____
Mark A. Weisbart
TBN 21102650
Joseph O. Collins, Jr.
TBN 04625500
Kessler & Collins, P.C.
5950 Sherry Lane, Suite 222
Dallas, Texas 75225
Phone: 214/379-0722
Fax: 214/696-5455

---

[1] In rejecting the "control group" test, the Supreme Court held that the privilege applies to communications by any corporate employee regardless of position when the communications concern matters within the scope of the employee's corporate duties. 449 U.S. at 394, 101 S.Ct. at 685.

ATTORNEYS FOR EUROGAS, INC.,
GLOBEGAS, B.V., AND POL-TEX
METHANE, SP.Z.O.O.

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Reply to Trustee's Response to Joint Motion to Strike Trustee's Second Supplemental Response to Rauball Defendant's Motion to Dismiss and Trustee's First Supplemental Response to Amended Motion to Dismiss First Amended Complaint Or, Alternatively, For More Definite Statement, and Objection to Exhibits was served by first class United States mail, postage prepaid, upon the individuals and entities listed below on this the 14th day of May, 2002.

                                                                 Mark A. Weisbart

W. Steve Smith
2015 Crocker
Houston, TX  77006