IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HARVEN MICHAEL MCKENZIE, | § § | JOINTLY ADMINISTERED UNDER CASE NO. |
| DEBTOR | § § | 95-47219-H5-7 CHAPTER 7 |
| TIMOTHY STEWART MCKENZIE, | § § | |
| DEBTOR | § § | |
| STEVEN DARRYL MCKENZIE, | § § | |
| DEBTOR | § | |
| W. STEVE SMITH, TRUSTEE  Plaintiff | § § § | ADVERSARY NO. 97-4155 |
| VS. | § § | |
| HARVEN MICHAEL MCKENZIE, MCKENZIE METHANE POLAND CO., EUROGAS, INC., WOLFGANG RAUBALL, REINHARD RAUBALL, MCK DEVELOPMENT, CLARON N.V., JEFFREY, LTD., OKIBI N.V.,  Defendants. | § § § § § § § § § | CONSOLIDATED FOR TRIAL WITH ADVERSARY NO. 97-4114 |

### MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT EUROGAS, INC.

COMES NOW, Mark A. Weisbart and Joseph O. Collins, Jr. of the firm of Kessler & Collins (collectively "Kessler & Collins") and files this Motion for Leave to Withdraw as Counsel for Defendant Eurogas, Inc. and in support of this request, would show the Court as follows:

Kessler & Collins assumed the representation of Defendant EuroGas, Inc. ("EuroGas") in

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT EUROGAS, INC.** – Page 1

this action in August, 1999.  Since that time, Kessler & Collins has diligently represented EuroGas.

Kessler & Collins requests leave of Court to withdraw as counsel for Eurogas in this action.  Kessler & Collins submits that good and just cause exists in providing this relief.

Despite numerous requests, EuroGas has failed to compensate Kessler & Collins for its legal services rendered in connection with this action.  As of the filing of this motion, Kessler & Collins is owed in excess of $129,000, including attorneys fees and related litigation costs (the "Fees").  This sum involves the non-payment of services rendered since January, 2003.  Kessler & Collins has made numerous efforts to obtain payment of its invoices.  These efforts include the following actions:

1. On October 24, 2002, additional funding of $100,000 was requested of EuroGas to cover anticipated and ongoing expenses.

2. On October 25, 2002, EuroGas agreed to forward such funding by November 30, 2002.

3. On November 27, 2002, Kessler & Collins communicated to EuroGas confirming that payment would be made by November 30, 2002.

4. On December 2, 2002, EuroGas advised Kessler & Collins that a wire had been authorized on November 29, 2002.  No wire was ever sent.

5. On December 2, 2002, Kessler & Collins inquired of EuroGas relating to such funding.  No response was received.

6. On January 16, 2003, another inquiry was made of EuroGas concerning such funding.  No response was received.

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT EUROGAS, INC.** – Page 2

7. On March 21, 2003, in a telephone conversation with EuroGas' CEO, Wolfgang Rauball, Kessler & Collins was promised that funding would be made by the end of the month. No funding was received.

8. On April 9, 15 and 30, 2003, respectively, Kessler & Collins inquired of EuroGas concerning the promised funding. No responses were received.

9. On May 13, 2003, Kessler & Collins requested funding of $200,000 to cover outstanding fees, current billings and anticipated fees.

10. On May 14, 2003, EuroGas agreed to promptly forward $200,000 as requested. No funding was received.

11. On May 28, 2003, Kessler & Collins made written demand on EuroGas for payment of all back invoices, informing EuroGas that absent payment, a motion to withdraw would be filed by June 5, 2003.

12. On June 3, 2003, communication was made with Wolfgang Rauball, who promised that $200,000 would be delivered to Kessler & Collins. No funding was received.

13. On June 13, 2003, a copy of Kessler & Collins' proposed Motion to Withdraw was sent to each member of EuroGas' Board of Directors.

14. On June 14, 2003, EuroGas advised Kessler & Collins that funding will be made early the following week.

15. On June 23, 2003, communication was made to EuroGas to inquire if a wire transfer had been attempted. No response was made to this inquiry.

16. On June 25, 2003, another inquiry was made by Kessler & Collins. No response was received.

17. On June 27, 2003, EuroGas advised Kessler & Collins that funding would be made by July 1, 2003 at the latest.

18. By July 2, 2003, no funding had been received and a copy of this Motion was forwarded to Eurogas.

As noted above, EuroGas, by and through its Chairman and CEO, Wolfgang Rauball, has repeatedly promised delivery of funds. However, these promises have gone unfulfilled.

Representation of EuroGas has created a severe financial hardship on Kessler & Collins. This financial hardship will continue to increase upon its continued representation of EuroGas.

Kessler & Collins submit that this relief will not adversely affect its client, EuroGas, nor will it impact this action. Currently pending before the Court is Defendants' joint motion to dismiss. There is no scheduling order in effect and no trial date set in this action. There exists a sufficient and reasonable time frame for EuroGas to obtain new counsel. Consequently, neither the Court nor any party herein will be prejudiced by Kessler & Collins' withdrawal as counsel.

This Motion is not made for the purpose of delay, but solely based on matters arising out of counsel's attorney-client relationship.

WHEREFORE, PREMISES CONSIDERED Kessler & Collins requests that the Court grant it leave and enter an order authorizing it to withdraw as counsel for EuroGas, Inc., and grant Kessler & Collins such other and further relief to which it is justly entitled.

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.  IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.**

**IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

Respectfully Submitted,

   /S/
Mark A. Weisbart
Texas Bar No. 21102650
Kessler & Collins, P.C.
5950 Sherry Lane, Suite 222
Dallas, Texas  75225
Phone number: (214) 379-0790
Fax number: (214) 696-5455

COUNSEL FOR EUROGAS, INC.,

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Leave to Withdraw as Counsel was forwarded, via First Class Mail and facsimile, to the parties listed below on this the 8th day of July, 2003.

W. Steve Smith, P.C.
2015 Crocker
Houston, TX 77006

Robert B. Crotty
Crotty & Johansen, L.L.P.
2311 Cedar Springs Rd., Suite 250
Dallas, TX 75201

H. Michael McKenzie
Steven McKenzie
c/o International Geological Consultants, Inc.
8600 Westpark, Suite 111
Houston, TX 77063

Richard L. Tate
206 So. 2nd
Richmond, TX 77469

EuroGas, Inc.                                         VIA FEDERAL EXPRESS
Attn: Wolfgang Rauball
Slovgold GMBH
Kartnerring 5-7
Top 3D
Vienna, Austria


　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　Mark A. Weisbart

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT EUROGAS, INC.** – Page 6